IT UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD GARRETT,

    Plaintiff,       Civil Action No.: 18-12845
                     Honorable Nancy G. Edmunds
v       Magistrate Judge Elizabeth A. Stafford

MICHIGAN DEP'T OF
CORRECTIONS, et al.

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [ECF NO. 13]**

## I.   INTRODUCTION

Plaintiff Ronald Garrett sues the Michigan Department of Corrections (MDOC) and Corrections Officers Tester and Green, alleging violations of his rights under the First, Fourth and Eighth Amendments.[1] [ECF No. 1]. Tester and Green have filed a motion for summary judgment under Federal Rules of Civil Procedure 56(a). [ECF No. 13].

Garrett has failed to exhaust his administrative remedies, so the Court **RECOMMENDS** that the defendants' motion for summary judgment

---

[1] The Court previously dismissed all claims against MDOC and all but the retaliation claims against Tester and Green. [ECF No. 4].

[ECF No. 13] be **GRANTED**, and that his claims against Tester and Green be **DISMISSED WITHOUT PREJUDICE**.

## II.     ANALYSIS

### A.

Rule 56(a) provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

When feasible, the Court will decide exhaustion disputes before addressing the merits of the claims. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A dismissal for failure to exhaust administrative remedies, even when decided on summary judgment, is without prejudice. *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004).

For the reasons stated below, the Court finds that Garrett's claims should be dismissed.

**B.**

Garrett, a state prisoner at MDOC's Central Michigan Correctional Facility (STF), alleges that STF corrections officers Tester and Green verbally harassed him on several occasions. Garrett also claims they retaliated against him for filing grievances by repeatedly searching his bunk and locker and leaving them in disarray. [ECF No. 1, PgID.4]. Tester and Green argue that Garrett's claims against them should be dismissed because he has failed to exhaust his administrative remedies prior to bringing this suit. The Court agrees.

The Prison Litigation Reform Act (PLRA), requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007).

A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (citation and internal quotation marks omitted). And a prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. *Garrison v. Walters*, 2001 WL 1006271 (6th Cir.2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. *Rittner v. Barber*, 435 F. Supp. 2d 682, 686 (N.D. Ohio 2006).

Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 has a three-step procedure prisoners must follow to complete the administrative review process and properly exhaust grievances.[2] Garrett filed grievances under MDOC's procedure, but they failed to exhaust retaliation claims against Tester and Green.

In his respective grievances against Tester and Green, Garrett accuses them only of being disrespectful to him. [ECF No. 13-2, PageID.86, 88, 91, 93]. He makes no mention of retaliation or of his cell

---

[2] The Policy Directive is available at:
https://www.michigan.gov/documents/corrections/03_02_130_200872_7.pdf

4

and locker being repeatedly searched. [*Id.*]. Without specific allegations of retaliation, or even a recitation of facts to suggest that he was grieving retaliatory conduct, Garrett's grievances fail to properly exhaust his retaliation claim against Tester and Green. See *Tesley v. Martin*, 2017 WL 9477656, at * 5-6 (E.D. Mich., Nov. 15, 2017), *adopted* 2018 WL 618738 (E.D. Mich., Jan. 30, 2018).

### III.   CONCLUSION

Defendants' motion [ECF No. 13] should be **GRANTED** and Garrett's complaint should be **DISMISSED**.

          s/Elizabeth A. Stafford
          ELIZABETH A. STAFFORD
          United States Magistrate Judge

Dated: March 8, 2019

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 8, 2019.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager