UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD GARRETT,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

    Defendants.
_____/

Case No. 18-12845

Honorable Nancy G. Edmunds

# OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S MARCH 8, 2019 REPORT AND RECOMMENDATION [25]

Before the Court is the magistrate judge's March 8, 2019 report and recommendation to grant Defendants' motion for summary judgment [ECF No. 13]. (Report and Recommendation, ECF no. 25.) Plaintiff filed a complaint against Defendants Michigan Department of Corrections, Officer Tester and Officer Green, alleging violations of Plaintiff's First, Fourth and Eighth Amendment rights. (Complaint, ECF no. 1.) On November 16, 2018, Defendants James Tester and Larry Green filed a motion for summary judgment under Fed. R. Civ. P. 56(a) based on Plaintiff's failure to exhaust administrative remedies prior to filing his complaint. (ECF no. 13.) Plaintiff filed a response. (ECF no. 15, 19.) The magistrate judge recommends that the Court grant Defendants' motion for summary judgment because Plaintiff failed to exhaust his administrative remedies as to his claims against Defendants Tester and Green. Plaintiff filed objections to the magistrate judge's report and recommendation, as well as objections to an additional order entered by the

magistrate judge on March 8, 2019. (ECF no. 27.) The Court is fully advised in the premises and has reviewed the objections, the record, the pleadings, and the magistrate judge's report and recommendation[1] (ECF No. 25) and order (ECF No. 26).

Plaintiff's objection to the report and recommendation contains two objections and a "statement of law facts in support of objection." (ECF no. 27, filed Mar. 19, 2019.) Plaintiff cites case law from other district courts and circuits that generally holds, for example, that "[a] grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

The magistrate judge correctly noted that "[a] prisoner's grievance must give 'prison officials fair notice of the alleged mistreatment or misconduct that forms the basis for the constitutional or statutory claim made against a defendant in a prisoner's complaint.'" (Report and Recommendation 4, citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006).) *Griffin*, a Ninth Circuit case on which Plaintiff relies, acknowledges the fundamental holding that "[p]risoners need comply only with the prison's own grievance procedures to properly

---

[1] Defendants brought this motion pursuant to Fed. R. Civ. P. 56(a). Failure to exhaust is an affirmative defense and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Yet the Court does not find that the Sixth Circuit or the Supreme Court has specified that such a motion should be brought pursuant to Rule 12(b) or Rule 56. As pointed out in an opinion from the Western District of Michigan, "[t]hough the Sixth Circuit has not provided guidance as to whether the exhaustion issue should be analyzed . . . under the standard governing motions for summary judgment or the standard governing motions to dismiss, the question is merely academic in this case." *Burnett v. Howard*, 2010 WL 1286256, at *2 (W.D. Mich. Mar. 30, 2010). Even if the Court had treated Defendants' motion as a motion to dismiss, and accepting Plaintiff's factual allegations as true, Defendants' have met their burden to show that Plaintiff failed to exhaust his administrative remedies. As a motion for summary judgment, the Court finds there are no genuine issues of material fact as to whether Plaintiff exhausted his administrative remedies.

exhaust under the [Prison Litigation Reform Act] PLRA." *Id.* (citing *Jones v. Bock*, 549 U.S. at 218). The *Griffin* court held that "Griffin's failure to grieve deliberate indifference does not invalidate his exhaustion attempt" and that a grievance "need not contain every fact necessary to prove each element of an eventual legal claim." *Id.* at 1120. "The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Id.* at 1120. Yet even in *Griffin*, the court ultimately found that the plaintiff "failed to exhaust properly" when he "did not provide notice of prison staff's alleged disregard of his lower bunk assignments," therefore, the "officials responding to his grievance reasonably concluded that the nurse's order for a lower bunk assignment solved Griffin's problem." *Id.* at 1121. The court concluded that "[h]is grievance did not 'provide enough information . . . to allow prison officials to take appropriate responsive measures.'" *Id.* at 1121 (citation omitted).

There are multiple examples in which the failure to allege any sort of claim of retaliation in the grievance results in a court finding that the inmate failed to exhaust the retaliation claim. *See e.g.*, *Tesley v. Martin*, 2017 WL 9477656, at *5 (E.D. Mich. Nov. 15, 2017), report and recommendation adopted by *Tesley v. Martin*, 2018 WL 618738 (E.D. Mich. Jan. 30, 2018), *vacated in part on other grounds*, Case No. 18-1158 (6th Cir. Apr. 1, 2019) ("Tesley never alleged, or even hinted at a claim that Martin took the typewriter in retaliation for Tesley's refusal to withdraw prior grievances." "To properly exhaust a retaliation claim, a prisoner must file a grievance that at least puts the grieved party and grievance responder on notice that such retaliation is being alleged."); *Garrison v. Walters*, 18 F. Appx. 329, 331 (6th Cir. 2001) ("Although Garrison filed a grievance concerning the destruction of his photo album, he did not state any facts that would have indicated that he

was grieving Walters's alleged retaliatory conduct."); and *Sanchez-Ramos v. Sniezek*, 370 F. Supp. 2d 652, 657 (N.D. Ohio 2005) ("Because Mr. Sanchez-Ramos has not demonstrated that he filed grievances for his claims concerning the denial of medical care and retaliation, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.").

The magistrate properly found that Plaintiff did not raise the claim that remains at issue in this lawsuit: that Defendants Tester and Green retaliated against him for filing grievances.

Plaintiff's filing also raises issues unrelated to the magistrate judge's report and recommendation. Plaintiff identifies "Objection '1' to the Summary Judgment" as "Court [proceeding] without Notice sent unto the plaintiff . . . ." (ECF no. 27.) He alleges generally that the "Court has failed to inform parties (plaintiff) when these matters are in front of them." (ECF no. 27 at 4.) He further states that "[i]f the Court wants from the plaintiff(s) or defendant(s) to file the right papers on time, then the Court shall inform them on the matter in which they decide . . . ." (ECF no. 27 at 4.) Plaintiff's "Objection No. 2" appears to be related to objection no. 1, in that it also complains of the Court's failure to inform him of what the Court has decided with respect to various motions he has filed, until the magistrate judge issued an order dated March 8, 2019, addressing Plaintiff's pending motions in a single opinion and order. (ECF no. 27 at 5; ECF no. 26.) In conclusion, Plaintiff asks the court to "resend its order . . . denying motions ECF Nos. 15, 19, 20, 21, 25, plus, the report and recommendation to Grant Defendants' motion for Summary Judgment, ECF No. 13, and grant a trial by jury." (ECF no. 27, at 6.)

The magistrate judge's March 8, 2019 "Order Denying Motions [ECF NOS. 15, 20, 21]" shows that service was made on counsel of record and Plaintiff by ECF or First Class U.S. mail on March 8, 2019. Plaintiff does not identify any specific error on the magistrate judge's part with respect to the Order at ECF no. 26. With respect to Plaintiff's reference to ECF no. 19, that document is Plaintiff's response to Defendants' motion for summary judgment, and is captioned as "Ansewer (sic) To Motion For Failure To Exhaust Summary Judgment 'Discovery Motion With Dispute.'" (ECF no. 19.) This document is in response to Defendants' motion for summary judgment and is not a separate motion. To the extent Plaintiff references the document at ECF no. 25 (*see* ECF 27, at 6), that document is the magistrate judge's report and recommendation, for which the certificate of service shows that it was served on Plaintiff on March 8, 2019. (ECF no. 25, at 6.) Plaintiff timely filed objections to the same (ECF no. 27), indicating that he received it. With respect to Plaintiff's request for a jury trial, the issue is moot; Plaintiff's remaining claim is dismissed pursuant to this opinion and order.

The Court finds no error in the magistrate judge's report and recommendation, nor in the magistrate judge's order denying motions ECF nos. 15, 20 and 21.

**CONCLUSION**

The Court therefore ACCEPTS and ADOPTS the magistrate judge's report and recommendation (ECF no. 25). IT IS ORDERED that Defendants' Motion For Summary Judgment is GRANTED, Plaintiff's objections are DENIED, and Plaintiff's remaining claims and complaint are DISMISSED without prejudice.

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 6, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record and Plaintiff on August 6, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager